UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

STRIKE 3 HOLDINGS, LLC,                    )
                                           )
                      Plaintiff,           )
                                           )
        v.                                 )        CIVIL ACTION
                                           )        NO. 24-12700-WGY
JOHN DOE., subscriber assigned IP          )
Address 24.60.185.46,                      )
                                           )
                      Defendant.           )
                                           )

YOUNG, D.J.                                    November 12, 2024

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO SERVE A THIRD
PARTY SUBPOENA PRIOR TO A RULE 26(f) CONFERENCE**

   **THIS CAUSE** came before the court upon Plaintiff's Motion

for Leave for Serve a Third-Party Subpoena Prior to a Rule 26(f)

Conference [Doc. No. 6], and the court being duly advised in the

premises does hereby:

   **FIND, ORDER, AND ADJUDGE:**

   1. The Plaintiff has proffered evidence that the subscriber

assigned IP address 24.60.185.46 has downloaded one or more

files with the Plaintiff's copyrighted content and has uploaded

at least a piece or piece of a file on the BitTorrent network

and that the Plaintiff is not able to obtain the Defendant's

name and address absent obtaining information from the

Defendant's Internet Service Provider, Comcast Cable,

(hereinafter the "ISP"). Thus, good cause exists for the Plaintiff to serve a third party subpoena on the ISP to obtain Defendant's name and address. See e.g., Strike 3 Holdings, LLC v. Doe, 964 F.3d 1203 (D.C. Cir. 2020); London-Sire Recs., Inc. v. Doe 1, 542 F. Supp. 2d 153 (D. Mass. 2008).

2. The Plaintiff may serve the ISP with a Rule 45 subpoena limited to commanding the ISP to provide the Plaintiff with the true name and address of the Defendant to whom the ISP 2 assigned an IP address as set forth on Exhibit A to the Complaint. The subpoena shall provide sufficient time to respond to allow the ISP to file objections or move to quash the subpoena should it so choose. The Plaintiff shall attach to any such subpoena a copy of this Order. Should the ISP move to quash the subpoena or file any other document in this case, such filing should identify the Defendant only by his IP address or the John Doe pseudonym pending further court order.

3. If the ISP qualifies as a "cable operator," as defined by 47 U.S.C. § 522(5),[1] it shall comply with 47 U.S.C. §

---

[1] 47 U.S.C. § 522(5) defines the term "cable operator" to mean "any person or group of persons (A) who provides cable service over a cable system and directly or through one or more affiliates owns a significant interest in such cable system, or (B) who otherwise controls or is responsible for, through any arrangement, the management and operation of such a cable system.

551(c)(2)(B)[2] by sending a copy of this Order to the Defendant.

4. The Plaintiff and its counsel may only use the information disclosed in response to a Rule 45 subpoena served on the ISP for the purpose of protecting and enforcing the Plaintiff's rights as set forth in its Complaint. The Plaintiff and its counsel may not disclose the Defendant's name and address absent further order of the court.

5. The Plaintiff's and its counsel's initial communications with the Defendant shall include a copy of this order.

**SO ORDERED.**

_William G. Young_
WILLIAM G. YOUNG
DISTRICT JUDGE

---

[2] 47 U.S.C. § 551(c)(2)(B) states: "A cable operator may disclose such [personal identifying] information if the disclosure is . . . made pursuant to a court order authorizing such disclosure, if the subscriber is notified of such order by the person to whom the order is directed."