<strong>UNITED STATES DISTRICT COURT<br>DISTRICT OF MASSACHUSETTS</strong>

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC,<br><br>        Plaintiff,<br><br>v.<br><br>JOHN DOE subscriber assigned IP address 24.60.185.46,<br><br>        Defendant. | Civil Action No. 1:24-cv-12700-WGY |

<strong>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF<br>PLAINTIFF'S MOTION TO CONTINUE SCHEDULING CONFERENCE</strong>

Pursuant to Fed. R. Civ. P. Rule 16(b)(4) and Local Rule 16.1(g) and upon the attached Memorandum of Points and Authorities in support of this motion, Strike 3 Holdings, LLC ("Plaintiff") respectfully moves to continue the Scheduling Conference.

## I.    INTRODUCTION

In trying to accommodate Defendant's *pro se* status, Plaintiff admittedly, but inadvertently, waited too long for Defendant to contact Plaintiff or retain counsel. Plaintiff does not, as a matter of policy, seek to initiated communications with unrepresented parties unless necessary. In this case, it appears that Defendant intends to proceed *pro se*, and thus Plaintiff has begun conferring on items needed for the Scheduling Conference but will not be able to complete them in time for that July 15 Conference. Plaintiff apologizes for this oversight, and respectfully requests a brief continuance of the Scheduling Conference so that it can complete its conference with *pro se* Defendant and have all materials in order for the Court's review.

## II. FACTS

Plaintiff filed its First Amended Complaint ("FAC") against the previously anonymous Defendant on March 24, 2025. D.E. 11. Plaintiff immediately moved to seal its FAC and other case initiating documents to safeguard Defendant's identity, D.E. 12, which the Court granted. D.E. 14. Although not covered by the Court's prior order authorizing early discovery, *see* D.E. 8, or order sealing Plaintiff's FAC, D.E. 14, Defendant filed his Answer under seal on April 18, 2025. D.E. 17.

That Answer was filed *pro se*, and, as of the date of this filing, no counsel has entered an appearance on Defendant's behalf. Nor has Defendant registered his contact information with the Case Management/Electronic Case Files ("CM/ECF") system. On July 7, realizing that Defendant would not likely retain counsel in time for the Scheduling Conference, counsel for Plaintiff contacted the clerk to obtain a copy of the sealed Answer. That Answer contains, *inter alia*, Defendant's contact information. The Scheduling Conference is currently set for 3:00 p.m. on July 15, 2025. D.E. 18.

## III. STANDARD

"A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Similarly, the Local Rules state that "[t]he scheduling order . . . can be modified only by order of the judicial officer, and only upon a showing of good cause supported by affidavits, other evidentiary materials, or references to pertinent portions of the record." L.R. 16.1(g). "The use of the good-cause standard . . . indicates that there may be more flexibility in allowing some relief" since, "[a]s noted by the Advisory Committee, this more liberal standard was included in recognition that the scheduling order is entered early in the litigation . . . ." *See* 6A Wright and Miller, Fed. Prac. & Proc. Civ. § 1522.2 (3d ed.).

## IV. ARGUMENT

Since Plaintiff does not, as a policy, initiate negotiations with unrepresented parties, *see* D.E. 7-2, at ¶36, it waited for an attorney to file a Notice of Appearance on Defendant's behalf before contacting Defendant. This has not happened, and it appears clear that Defendant intends to proceed *pro se*. It has since obtained Defendant contact information–filed under seal–and has mailed the Settlement Proposal to Defendant, *see* L.R. 16.1(c), begun conferral on the issues, *see id.* 16.1(b), and intends to mutually prepare a Joint Statement with Defendant. *See id.* 16.1(d). Plaintiff, however, cannot complete these items by the July 15 deadline. Accordingly, Plaintiff respectfully requests a brief continuance of the Scheduling Conference to August 15 so that it may continue to confer with *pro se* Defendant and satisfy all conditions precedent.

## V. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests this Court for a continuance of the Scheduling conference to August 15, 2025.

Dated: July 8, 2025

Respectfully submitted,

By:     /s/ *Jacqueline M. James*
        Jacqueline M. James, Esq. (BBO #706668)
        The James Law Firm, PLLC
        445 Hamilton Avenue, Suite 1102
        White Plains, New York 10601
        T: 914-358-6423
        F: 914-358-6424
        E-mail: jjames@jacquelinejameslaw.com
        *Attorneys for Plaintiff*